IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHSTAR OFFSHORE VENTURES, §
LLC, §
 §
Plaintiff, §
 §
V. § No. 3:18-cv-2025-N
 §
TANA EXPLORATION COMPANY LLC §
and TC OIL LOUISIANA LLC, §
 §
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Defendants Tana Exploration Company LLC and TC Oil Louisiana LLC filed a Motion to Dissolve Order Granting Motion for Expedited Discovery, *see* Dkt. No. 4 (the "Motion to Dissolve"), which United States District Judge David C. Godbey has referred to the undersigned United States magistrate judge for determination under 28 U.S.C. § 636(b), *see* Dkt. Nos. 6 & 7.

Plaintiff Northstar Offshore Ventures, LLC filed a response, *see* Dkt. No. 10, and Defendants filed a reply, *see* Dkt. No. 12.

For the reasons explained below, the Court GRANTS Defendants Tana Exploration Company LLC and TC Oil Louisiana LLC's Motion to Dissolve Order Granting Motion for Expedited Discovery [Dkt. No. 4].

**Background**

Defendants explain the pertinent factual and procedural background of their Motion to Dissolve as follows:

> 1. Plaintiff sued Defendants for breach of contract on July 11, 2018 in the State District Court of Dallas County, Texas. Defendants have subsequently removed this cause to federal court under the exclusive jurisdiction conferred by the Outer Continental Shelf Lands Act, 43 U.S.C. §§ 1331 et seq ("OSCLA").
>
> 2. On July 13, 2018, just two days after Plaintiff filed suit, the state district court judge heard Plaintiff's Motion for Expedited Discovery and to Shorten the Time for Depositions, Disclosures, Admissions, and to Produce Documents (the "Motion for Expedited Discovery") in conjunction with Plaintiff's Application for Temporary Restraining Order. [Dkt. # 3]. While the application for the temporary restraining order was denied, the Motion for Expedited Discovery was granted over Defendants' opposition. [Dkt. # 8]. The Order Granting Plaintiff's Motion for Expedited Discovery (the "Order") permitted each side to propound to the other side up to twenty (20) requests for production and requests for admissions, respectively, the answers to which were due fourteen (14) days after service of the requests. In addition, the Order required each side to present its corporate representative(s) by August 10, 2018, less than 30 days following filing of the suit. [Dkt. # 8].

Dkt. No. 1 at 1-2.

In their Motion to Dissolve, "Defendants respectfully request that the Court enter an order dissolving the prior Order Granting Plaintiffs' Motion for Expedited Discovery," *id.* at 2, for the following reasons:

> 4. Plaintiff moved for and received the Order Granting Plaintiff's Motion for Expedited discovery in a court which did not have jurisdiction over this claim and over the objections of Defendants. Because Defendants have now removed this case to the proper jurisdiction, they request that the discovery in this matter be governed by the Federal Rules of Civil Procedure.
>
> 5. This Court should dissolve the Order Granting the Motion for Expedited Discovery because Plaintiff has not demonstrated good cause entitling it to the extraordinary remedy of expedited discovery. While the Texas Rules of Civil Procedure allow a trial court to suspend the traditional discovery schedule in exceptional circumstances, the Federal Rules of Civil Procedure do not provide an equivalent rule. *See* TEX. R. CIV. P. 191.1; *In re BP Products North America*, 244 S.W.3d 840, 846 (Tex. App. – Tex. 2008); *Fiduciary Network, LLC v. Buehler*, Civil Action No. 3:15-cv-0808, 2015 U.S. Dist. LEXIS 179883, at *2 (N.D. Tex. March 23, 2015). Instead, the Fifth Circuit has adopted a good cause test to determine whether expedited discovery is appropriate. *U.S. Commodity*

*Futures Trading Comm'n v. M25 Investments, Inc.*, No. 3-09-CV-1831-M, 2009 WL 3740627, at *1 (N.D. Tex. Sept. 29, 2009), *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011). "Courts commonly consider the following factors in determining whether 'good cause' exists to order expedited discovery: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *St. Louis Grp., Inc.*, 275 F.R.D. at 241, n. 4 (quoting *In re Fannie Mae Derivative Litigation*, 227 F.R.D. 142, 143 (D.D.C. 2005)).

6. Based upon the considerations for good cause, the Order should be dissolved. Plaintiff's Motion for Expedited Discovery was premised upon an assumption that Plaintiff's Application for Temporary Restraining Order would be granted. [Dkt. # 3, ¶ 1]. However, Plaintiff's Application for Temporary Restraining Order was denied, with the trial judge not only concluding that the nature of Plaintiffs' claims were not time-sensitive, but also that Plaintiff did not indicate a substantial likelihood of prevailing on the same. Because no temporary restraining order was issued, the purpose of receiving discovery responses within fourteen (14) days – to coincide with expiration of the temporary restraining order by operation of law – was rendered moot. See TEX. R. CIV. P. 680. Moreover, Plaintiff has not sought to schedule its requested temporary injunction for hearing following denial of its temporary restraining order, nor has Plaintiff attempted to show any other good cause as to why the expedited discovery schedule should remain in effect.

7. Good cause is also lacking because the Order does not provide any limitations on the scope of the substance of the expedited requests, and the requests propounded by Plaintiff are overbroad, unduly burdensome, and exceed matters of relevance in this case regarding contract interpretation. Moreover, the expedited discovery schedule runs afoul of the Federal Rules of Civil Procedure, which govern discovery in Plaintiff's OSCLA claim.

8. Since Plaintiff has not demonstrated good cause, the Court should dissolve the Order Granting the Motion for Expedited Discovery. Without any showing of good cause as to why such expedited discovery is necessary and considering the lack of jurisdiction of the court which entered the order, Defendants should not be subjected to such a prejudicial and inequitable discovery scheme.

....

WHEREFORE, Defendants Tana Exploration Company LLC and TC Oil Louisiana LLC ask the Court to set this motion for hearing and, after the hearing, dissolve the current Order Granting Plaintiff's Motion for Expedited Discovery or, in the alternative, stay the Order until a Rule 26(f) discovery conference can take place. Defendants pray for such other and further relief to which it may be justly entitled.

*Id.* at 2-4.

> Northstar offers a somewhat different account, explaining that
>
> > [s]ome understanding of the – admittedly-limited – proceedings in the State Court Suit is crucial to assessing Defendants' likely motivations in filing their Motion. And some understanding of those motivations is, in turn, essential to ruling on Defendants' Motion.
> >
> > 5. On 11 July 2018, Plaintiff filed its Verified Original Petition and Application for Ex Parte Temporary Restraining Order and Temporary Injunction (the "State Court Petition"). At or near the same time – on 11 July 2018 – Plaintiff also filed its Motion for Expedited Discovery (the "Discovery Motion"). Two days later – on 13 July 2018 – the State District Court held a hearing on Plaintiff's Request for Temporary Restraining Order and on the Discovery Motion.
> >
> > 6. For purposes of Defendant's Motion, there are two important take-aways from this hearing. The first of the two, is that the State District Court granted Plaintiff's Discovery Motion from the bench, and requested that a written order be submitted. Ultimately – on 16 July 2018 – an order agreed to by Defendants was submitted to the State District Court; and that agreed order was subsequently entered on 20 July 2018 (the "Agreed Order"; Doc. No. 1-10)). In the interim between submission and entry of the Agreed Order, counsel for the parties mutually agreed to abide by the terms of the Agreed Order (e.g., deadlines for expedited discovery) while waiting for the Agreed Order to be entered. ....
> >
> > 7. The second salient outflow of the 13 July 2018 hearing concerns the State District Court's rulings in connection with Plaintiff's request for injunctive relief. With specific regard to Plaintiff's application for a temporary restraining order, the State District Court denied Plaintiff's request. However, at least as important as the outcome was the State District Court's rationale and its instructions concerning future equitable proceedings.
> >
> > 8. As this Court can see from Plaintiff's (removed) Petition, Plaintiff seeks specific performance of the underlying contract as its remedy for Defendants' breach. (Doc. No. 1-3, p.6.) As such, Plaintiff's principal motivation in seeking injunctive relief was to prevent Defendants from selling the assets addressed in the underlying contract to another buyer. (Doc. No. 1-3, p.7-8.) During the 13 July 2018 hearing, the State District Court demanded a direct answer as to whether Defendants were contemplating any such sale of the subject assets. After a recess, Defendants advised that no such sale was in the works at that time, but that it was Defendants' desire to do so.

9. Immediately on the heels of its denial of Plaintiff's request for a temporary restraining order, the State District Court advised that should Plaintiff "catch a whiff" of any effort on Defendants' part to sell these assets, Plaintiff should immediately set a hearing on its request for a temporary injunction. Notably, it was specifically for that reason – Plaintiff's need to know whether Plaintiffs were contemplating or pursuing any such sale – that Plaintiff immediately turned the Court's attention to its Motion for Expedited Discovery. And, apparently for this same reason, the State District Court granted Plaintiff's motion.

10. Under the terms of the Agreed Order, all parties were permitted to propound a limited number of written discovery requests, which were to be answered on a shortened timetable. (Doc. No. 1-10, p.1.) Both sides were also permitted to take up to three hours of corporate representative deposition testimony. (Doc. No. 1-10, p.1.) On 3 August 2018 – the deadline for all parties to respond to these expedited discovery requests – Defendants served nothing but objections, providing no actual responses. …. On that same date, Defendants filed a motion to quash the ordered depositions of their corporate representative, which had been agreed-to and scheduled for 10 August 2018. (Doc. No. 1-12.)

11. In their Motion – Defendants' latest effort to avoid discovery into Defendants' potential sale of the subject assets – Defendants ask this Court to dissolve the Agreed Order, relying on a standard allegedly adopted by the Fifth Circuit, while siting no actual authority from the Fifth Circuit Court of Appeals. In fact, the very case law cited by Defendants expressly states that "[t]he Fifth Circuit has not adopted [a] standard." *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

12. It also bears noting that Defendants seem to have overlooked another interesting pronouncement in the *St. Louis Group* opinion. Though it is not mentioned in Defendants' Motion, the *St. Louis Group* court noted – with specific regard to depositions sought outside the standard timeframe set forth in the Federal Rules of Civil Procedure – that leave of court is required "if the parties have not stipulated to the deposition…." *Id.* at 239. As noted above, Defendants have agreed to the expedited deposition at issue here. In fact, Defendants have arguably done so twice: once in agreeing to the Agreed Order (Doc. No. 1-10) and again their agreement to abide by the terms of the Agreed Order while waiting for the State District Court to enter that order (Appendix at App. 6).

13. That having been said, Defendants' Motion does at least recite the "good cause" standard that "[a]n increasing majority of district courts have…adopted…." *Id.* at 239. Under this standard, a review court evaluates the discovery sought "on the entirety of the record to date and

the reasonableness of the request in light of all the surrounding circumstances." *Id.* citing *Aayash v. Bank al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). However, Defendants' Motion does not appear to embrace the broad, flexible nature of that standard.

      14. Good cause "may be found 'where the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Energy Prod. Corp. v. Northfield Ins. Co.*, 2010 WL 3184232 at *3 (E.D. La. 6 August 2010), quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002). As one court noted, this 'good cause' standard is "akin to a broader and more flexible totality of the circumstances analysis." *St. Louis Group, Inc.*, 275 F.R.D. at 239, quoting *Dimension Data N. Am., Inc. v. Davis*, 673 F.R.D. 528, 531 (E.D.N.C. 2005).

      15. In the instant case, the totality of the circumstances clearly favor the expedited discovery Plaintiff seeks. As an initial matter – and contrary to the assertions in Defendants' Motion – there is a pending claim for injunctive relief in this lawsuit: Plaintiff's application for temporary and permanent injunction. (Doc. No. 1-3, p.7-8.) What is more, the very-limited discovery authorized by the State District Court – and agreed to by Defendants – was specifically intended to prevent Defendants from keeping Plaintiff 'in the dark' with regard to any potential effort by Defendants to sell the properties that form the basis of the underlying contract (and, indeed, this lawsuit). Put another way, this limited, expedited discovery is crafted specifically in support of Plaintiff's request(s) for equitable relief.

      16. The relevant circumstances in this instance are clear. Defendants have expressed, in open court, their desire to market and the properties that form the basis of this lawsuit. Plaintiff's live claims include a request for injunctive relief, which is directly related to this very issue. The discovery in question – in particular, the (no more than three-hour) deposition of Defendants' corporate representative(s) – is tailored to address this specific, limited concern. Additionally, Defendants' Motion seems to ignore the Agreed Order's equal effect on all parties. (Doc. No. 1-10.) Meaning that any 'prejudice' that may arguably result from this expedited discovery is 'prejudice' shared equally by all parties, including Plaintiff.

Dkt. No. 10 at 1-6.

Northstar asks the Court to deny Defendants' Motion to Dissolve "and :enter an order requiring Defendants to provide meaningful responses to Plaintiffs' expedited

discovery requests and produce their corporate representative(s) for deposition on the terms set forth in the Agreed Order; and for such other and further relief, whether at law or in equity, to which Plaintiff may show itself justly entitled." *Id.* at 6.

Defendants, in reply, explain that

> [t]his case involves the sale of offshore oil and gas properties located on the Outer Continental Shelf of the Gulf of Mexico. It is uncontroverted that a condition precedent to the Purchase and Sale Agreement ("PSA") was the receipt of approval from an independent federal agency, the Bureau of Ocean and Energy Management ("BOEM"). It is further uncontroverted that the approval was not received prior to the extended date for closing, had not been received when the contract was terminated, and has still not been received.
>
> Plaintiff filed its Original Petition and Application for Ex Parte Temporary Restraining Order and Temporary Injunction in the state trial court on July 11, 2018. The hearing was scheduled and held two days later, on July 13, 2018.
>
> At the hearing, Counsel for Defendants opposed both the application for Temporary Restraining Order and the Plaintiff's Motion for Expedited Discovery. It is uncontroverted that the Court denied the application for temporary restraining order. No additional hearing for a temporary injunction hearing was either requested or scheduled. The Court did order expedited discovery, over Defendants' objection. The parties then worked together to submit an order to which Defendants agreed *in form* only, in order to comply with the Court's order. That written order was ultimately signed July 20, 2018. The Plaintiff did not secure a court reporter for the expedited hearing and there is no record of the hearing other than the entry of the two orders.
>
> On August 3, 2018, Defendants properly removed the matter to this federal court based upon the exclusive and original jurisdiction provisions of the Outer Continental Shelf Lands Act ("OCSLA"). *See* 43 U.S.C. §1333(a)(1). "OCSLA asserts exclusive federal question jurisdiction over the OCS by specifically extending '[the] Constitution and law and civil and political jurisdiction of the United States . . . [to the OCS] . . .'"). *Barker v. Hercules Offshore, Inc.*, 714 F.3d 208, 213 (5th Cir. 2013). Following removal, Defendants sought to dissolve the prior state court order.
>
> ....
>
> Plaintiff falsely contends Defendants agreed to the accelerated discovery and scheduling of depositions. Counsel for Defendants

vigorously opposed the motion for expedited discovery at the state Court hearing and the Court granted the motion over Defendants' objections. The email chain attached as Exh. A to Plaintiff's Response similarly reflects nothing more than communications between the parties to comply with and formalize the state court's order that had already issued. Whether or not the written order had been finalized, it was clear the state court had issued an order from the bench. In fact, the order reflects the Defendants agreed only to the form of the order. Doc. #1-10. Nothing in the series of emails attached by Plaintiff reflects any agreement by Defendants that depositions or other discovery were agreed to independently of the order. All these emails occurred after issuance of the order, and cannot be relied upon to justify issuance of the order.

Plaintiff further misrepresents that Defendants did not respond to any of the discovery. Defendants answered all requests for admissions. In addition, Defendants lodged their objections to the requests for production which are overbroad and unduly burdensome, and not narrowly tailored. The defectiveness of the order is apparent because Plaintiff itself lodged twelve general and at least ninety-three specific objections to Defendants' fourteen requests for production and produced no documents. Plaintiff's objections highlight the fact that the state court order fails to narrowly tailor the discovery and, if not dissolved, can only lead to further discovery disputes.

Further, Plaintiff's objections are made subject to an anticipated motion to remand which has not yet been filed. To the extent that motion to remand will challenge this Court's jurisdiction, expedited discovery is further improper:

> [D]iscovery on the merits should not take place until the court has ruled on the jurisdictional issues. The only exception would be if discovery is necessary to determine whether the court has subject matter or personal jurisdiction. Once jurisdiction is established, discovery will be conducted in this case in accordance with the Federal Rules of Civil Procedure and any scheduling order entered by the Court.

*Klayman v. Obama*, No. 3:16-CV-2010-L, 2016 U.S. Dist. LEXIS 141066, at *17 (N.D. Tex. 2016). That identified exception is not applicable here. Discovery should proceed in accordance with the Federal Rules of Civil Procedure. The state court order for expedited discovery should be dissolved.

Dkt. No. 12 at 1-2, 8-9 (emphasis in original).

According to Defendants' reply, Northstar "has presented no evidence and has failed to articulate any basis in its Response to justify this Court's deviation from the normal course of discovery"; "provides no evidence and identifies nothing in the record to support that good cause exists to support expedited discovery"; and "presents no evidence of imminent irreparable injury if the expedited discovery is not granted"; and "[t]he expedited discovery sought is neither limited nor particularized" but rather "is vast and burdensome," where "[t]he existing requests for discovery would cause prejudice to Defendants if expedited, and nothing in Plaintiff's argument operates to outweigh that prejudice." *Id.* at 9.

Defendants contend that, while Northstar "misrepresents to this Court that Defendants agreed to the expedited discovery when they clearly did not," Northstar "has failed to satisfy its burden to establish good cause, and the state court order granting expedited discovery, to the extent not already moot, should be dissolved." *Id.*

**Legal Standards and Analysis**

As all parties recognize, "[o]nce a state court action is removed, it is governed by federal, rather than state, procedure." *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986) (internal quotation marks omitted).

But "[a] case removed from state court simply comes into the federal system in the same condition in which it left the state system." *Matter of Meyerland Co.*, 960 F.2d 512, 520 (5th Cir. 1992) (en banc). "Judicial economy is promoted by allowing for proceedings initiating in state court to have full force and effect in federal court," *NCNB Tex. Nat'l Bank v. Johnson*, 11 F.3d 1260, 1264 (5th Cir. 1994), and "[a]ll

injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court," 28 U.S.C. § 1450. Under Section 1450, "[i]nterlocutory state court orders are kept in force upon removal of a case to federal court" but are given "no greater 'force and effect' than they would have obtained had the case remained in state court," and, "by ensuring these orders do not lapse upon removal, the statute facilitates the federal court's taking the case up where the state court left it off" and by "accept[ing] the case in its current posture as though everything done in state court had in fact been done in the federal court." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1988) (internal quotation marks omitted).

"On the other hand, it is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance"; "[t]o the extent the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law"; and, "whenever a case is removed, interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed," and "[t]he district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Id.* at 1303-04.

As a preliminary matter, even by Northstar's account, Defendants only agreed to expedited discovery after the state court hearing at which the court granted

Northstar's motion for expedited discovery over Defendants' objection. And, even then, the state court's Order Granting Plaintiff's Motion for Expedited Discovery is agreed as to form only and is not an agreed order or agreed as form and substance. *See* Dkt. No. 1-10. This is not, then, an instance of expedited discovery by stipulation for purposes of Rule 26(d)(1).

Rather, the expedited discovery here was ordered by the state court, which entered an order for expedited discovery in this case under Texas Rule of Civil Procedure. But, "[u]nder Federal Rule of Civil Procedure 26(d)(1), a party 'may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... [when authorized by these rules, by stipulation, or] by court order.'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1). And, as another judge in this circuit has recently explained,

> Federal Rules of Civil Procedure 34(b) and 26(d) allow a party to seek expedited discovery, and the Fifth Circuit has permitted such discovery in certain circumstances. *See, e.g.*, *FMC Corp. v. Varco Int'l, Inc.*, 677 F.2d 500, 501 (5th Cir. 1982) (affirming district court's order authorizing expedited discovery before a hearing on a preliminary injunction); *Quilling v. Funding Resource Group*, 227 F.3d 221, 233 (5th Cir. 2000) (affirming a district court's order of expedited discovery). Although the Federal Rules do not provide a standard for the Court to use in exercising its authority to order expedited discovery, courts generally use either a "preliminary-injunction-style analysis" or the "good cause standard" to determine whether a party is entitled to conduct expedited discovery. *See, e.g.*, *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). The Fifth Circuit has not expressly adopted either standard, but several district courts within the Fifth Circuit have used the good cause standard. Id. "In determining whether good cause exists, courts often consider '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the

typical discovery process the request was made.'" *Id.* at *2 (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011) ). The burden of showing good cause is on the party seeking the expedited discovery, and the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *St. Louis Grp.*, 275 F.R.D. at 240.

*Accruent, LLC v. Short*, No. 1:17-CV-858-RP, 2017 WL 8811606, at *1 (W.D. Tex. Nov. 8, 2017). Similarly, this Court has previously explained that.

> [a]s a general rule, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d)(1). In some instances, however, a court can accelerate or otherwise alter the timing of discovery. *See id.* While the United States Court of Appeals for the Fifth Circuit has not addressed the standard to apply when determining whether to authorize expedited discovery, an increasing majority of district courts, including those in the Fifth Circuit, have adopted a "good cause" standard. *See St. Louis Group, Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239, 240 (S.D. Tex. 2011); *Paul v. Aviva Life & Annuity Co.*, No. 3:09-cv-1490-B, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009) ("The federal rules generally prohibit a party from seeking discovery from any source before a Rule 26(f) conference. *See* FED. R. CIV. P. 26(d)(1). However, the court may order expedited discovery if there is some showing of good cause to justify the order."). While little authority exists regarding the good cause standard governing the availability of expedited discovery in connection with an impending preliminary injunction hearing, expedited discovery has been granted where the movant's requests were narrowly tailored, *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996), and the discovery would "better enable the court to judge the parties' interests and respective chances for success on the merits" at a preliminary injunction hearing, *Edudata Corp. v. Scientific Computers, Inc.*, 599 F. Supp. 1084, 1088 (D. Minn. 1984).
> ....
> While [a] pending preliminary injunction application can provide a basis for good cause, it does not constitute *per se* good cause. *See Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-cv-2782, 1998 WL 404820, at * 1-2 (E.D. Pa. July 15, 1998) (denying a motion for expedited discovery in the face of a preliminary injunction hearing where movant's requests were overly broad).

*Talon Transformation Tech., Inc. v. StoneEagle Servs., Inc.*, No. 3:13-cv-902-P, 2013 WL 12172925, at *2 (N.D. Tex. May 14, 2013).

Under these standards, even if "the state court found good cause existed to [order] expedite discovery," "this Court must make its own good cause finding to justify expedited discovery under the Federal Rules of Civil Procedure." *Fiduciary Network*, 2015 WL 11120985, at *1. And, if the Court does not find good cause, the Court will dissolve the order permitting expedited discovery. *See id.* at *2; *cf. White Lodging Servs. Corp. v. McNabnay*, No. A-14-CA-818-SS. 2014 WL 12540466, at *2 (W.D. Tex. Sept. 2, 2014) ("McNabnay has also moved to dissolve an expedited discovery order entered by the state court. The order was apparently entered for the purpose of allowing Plaintiffs to depose McNabnay and obtain certain documents in advance of the preliminary injunction hearing. That motion is now moot, as the state court hearing will not occur.").

Here, "considering the factors stated above, the Court finds [Northstar] has not made the requisite good cause showing." *Fiduciary Network*, 2015 WL 11120985, at *1.

First, while courts have determined that "expedited discovery is appropriate in cases involving preliminary injunctions," *N. Am. Deer Registry, Inc. v. DNA Solutions, Inc.*, No. 4:17-cv-62, 2017 WL 1426753, at *2 (E.D. Tex. Apr. 21, 2017), courts have not found good cause where a plaintiff "seeks expedited discovery to decide whether it will *potentially* seek preliminary injunctive relief," *Fiduciary Network*, 2015 WL 11120985, at *2 (emphasis in original). And, as noted above, even when an application or motion for a preliminary injunction is pending, that pending motion does not constitute *per se* good cause. Here, Northstar did include an Application for Temporary Restraining Order and Temporary Injunctive Relief in its verified state court petition, *see* Dkt. No.

1-3, but Northstar acknowledges that the state court denied the application for a temporary restraining order and that it has not sought to adjudicate its request for preliminary injunctive relief at this time, *see* Dkt. No. 10 at 3-4.

Relatedly, Northstar offers as justification for expedited discovery (1) that Northstar's "principal motivation in seeking injunctive relief was to prevent Defendants from selling the assets addressed in the underlying contract to another buyer"; (2) that Defendants advised the state court at the July 13, 2018 hearing "that no such sale was in the works at that time, but that it was Defendants' desire to do so"; (3) that the state court "advised that should Plaintiff 'catch a whiff' of any effort on Defendants' part to sell these assets, Plaintiff should immediately set a hearing on its request for a temporary injunction"; and (4) that Northstar sought – and the state court apparently granted – an order permitting expedited discovery based on Northstar's "need to know whether [Defendants] were contemplating or pursuing any such sale." Dkt. No. 10 at 3. And Northstar contends that "the very-limited discovery authorized by the State District Court – and agreed to by Defendants – was specifically intended to prevent Defendants from keeping Plaintiff 'in the dark' with regard to any potential effort by Defendants to sell the properties that form the basis of the underlying contract (and, indeed, this lawsuit)," or, "[p]ut another way, this limited, expedited discovery is crafted specifically in support of Plaintiff's request(s) for equitable relief." *Id.* at 5-6 (emphasis omitted). According to Northstar, "Defendants have expressed, in open court, their desire to market and the properties that form the basis of this lawsuit"; Northstar's "live claims include a request for injunctive relief,

which is directly related to this very issue"; and "[t]he discovery in question – in particular, the (no more than three-hour) deposition of Defendants' corporate representative(s) – is tailored to address this specific, limited concern." *Id.* at 6.

But the requests for production that Northstar served on Defendants are not addressed to this specific, limited concern that it now offers as good cause, as Northstar appears to implicitly acknowledge. They are largely broad requests for documents that are not tailored, much less narrowly tailored, to address Northstar's reported justification at this point – other than perhaps Request for Production Nos. 17 and 19. *See* Dkt. No. 11, Ex. C. As for the requests for admission that Northstar served on Defendants, Defendants appear to have already answered those requests, albeit "[s]ubject to and without waiving" its objections. *See* Dkt. No. 11, Ex. B; *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 487-88 (N.D. Tex. 2014). And Defendants report that Northstar "itself lodged twelve general and at least ninety-three specific objections to Defendants' fourteen requests for production and produced no documents," which "highlight[s] the fact that the state court order fails to narrowly tailor the discovery and, if not dissolved, can only lead to further discovery disputes." Dkt. No. 12 at 8.

The Court also notes that Judge Godbey has now ordered the parties to confer and to submit their Rule 26(f) report by September 3, 2018. *See* Dkt. No. 5. And Defendants report that Northstar's objections to Defendants' expedited discovery requests "are made subject to an anticipated motion to remand which has not yet been

filed" and that "[t]o the extent that motion to remand will challenge this Court's jurisdiction, expedited discovery is further improper." Dkt. No. 12 at 8.

Under all of the circumstances, measured against the considerations to which courts in this circuit look in evaluating requests for expedited discovery, the Court determines that Northstar has not shown good cause for the expedited discovery as ordered by the state court or served by Northstar on Defendants, including in the form of depositions and even Request for Production Nos. 17 and 19.

## Conclusion

For the reasons explained above, the Court GRANTS Defendants Tana Exploration Company LLC and TC Oil Louisiana LLC's Motion to Dissolve Order Granting Motion for Expedited Discovery [Dkt. No. 4] and DISSOLVES the state court's Order Granting Plaintiff's Motion for Expedited Discovery [Dkt. No. 1-10].

SO ORDERED.

DATED: August 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE